IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| USAAMA ABD-AL-MATIYN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0808-D |
| VS. | § | |
| | § | |
| THOS BYRNE CONSTRUCTION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Usaama Abd-Al-Matiyn ("Abd-Al-Matiyn"), proceeding *pro se*, sues defendant Thomas S. Byrne Construction Co. ("Byrne"),[1] alleging that it violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, when it denied him employment because he is African-American. Byrne moves for summary judgment, and the court grants the motion.[2]

Because Byrne does not have the burden at trial concerning Abd-Al-Matiyn's Title VII claim, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If Byrne does so, then Abd-Al-Matiyn must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Summary judgment is mandatory where the nonmoving party fails to meet this

---

[1]Byrne maintains that its proper name is Thos. S. Byrne Ltd.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

burden. *Little*, 37 F.3d at 1076.

Under N.D. Tex. Civ. R. 7.1(e), Abd-Al-Matiyn's response to Byrne's motion was due August 13, 2007.[3] Abd-Al-Matiyn has not responded to the motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Byrne's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, his failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Abd-Al-Matiyn is litigating this case *pro se* does not alter this rule. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005.

Byrne has pointed the court to the absence of evidence that it failed to hire Abd-Al-Matiyn

---

[3]Byrne filed a motion for summary judgment on July 18, 2007. On July 24, 2007 it filed an amended brief. Accordingly, the court will calculate the 20-day response deadline using July 24, 2007 as the starting date.

because of his race. D. Am. Br. 1. It has adduced evidence that it did not hire him because all the positions on the project were filled. *Id.* at 13 (citing D. App. 3, 5-14). Because Abd-Al-Matiyn has not introduced evidence that would permit a reasonable jury to find in his favor, Byrne is entitled to summary judgment dismissing this case.

Accordingly, Byrne's July 18, 2007 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

August 20, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE